

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DION LEWIS, )
 )
      Defendant, )
 )
v. ) No. 04 C 6629
 )
UNITED STATES, )
 )
      Respondent. )
 )
 )

## MEMORANDUM OPINION AND ORDER

Dion Lewis was a "regent" of the Gangster Disciples, a gang some 6,000 strong, engaged through the early 1990s in the sale of crack cocaine, heroin, and other drugs in the southwestern sections and suburbs of Chicago, Illinois, under the leadership of Larry Hoover, an inmate in the Illinois state prison system. In 1998, after a three-month jury trial before Judge Lindberg, Mr. Lewis was convicted of one count of conspiracy to possess with intent to distribute cocaine and/or crack cocaine, pursuant to 21 U.S.C. § 846, and one count of distribution of cocaine, pursuant to 21 U.S.C. § 841(a)(1). Mr. Lewis was sentenced to 292 months in prison. Mr. Lewis appealed to the Seventh Circuit, which affirmed his conviction, see *United States v. Jackson*, 207 F.3d 910 (7th Cir. 2000), *vacated in part by* 531 U.S. 953 (2000)(but not as to Mr. Lewis), and his petition for certiorari to the Supreme Court was denied in 2000. See 531 U.S. 953 (2000).

I.

Acting *pro se*, Mr. Lewis has filed two motions related to his conviction and sentencing. The first, filed under Federal Rule of Criminal Procedure 35 ("Rule 35"), recites in brief many of the issues Mr. Lewis later raises in his second motion, filed under 28 U.S.C. § 2255. Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."[1] FED. R. CRIM. P. 35(a). Mr. Lewis was sentenced on April 22, 2004. The present motion was filed well outside the 7-day window, depriving this court of jurisdiction to entertain it. *United States v. Vega*, 241 F.3d 910, 911 (7th Cir. 2001). Mr. Lewis' Rule 35 motion is denied.

II.

Mr. Lewis' second motion is a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). Mr. Lewis' § 2255 motion, though long and complex, can be boiled down essentially to five areas of complaint: misconduct related to the grand jury and Mr. Lewis' indictment; prosecutorial misconduct; judicial misconduct; ineffective assistance of trial counsel; and ineffective assistance of appellate counsel. Mr. Lewis also asks for an evidentiary hearing.

---

[1] Rule 35(b) does not apply in this situation, as that portion of the rule deals with sentence reductions for substantial assistance.

2

A.

The government argues that all issues now raised by Mr. Lewis are waived, as he failed to raise any of them on direct appeal. *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). After review of Mr. Lewis' § 2255 motion, the appeal brief of his co-defendants (which he joined), and his own appeal brief, I conclude that the majority of Mr. Lewis' claims are indeed waived.[2] Those claims that are not waived include Mr. Lewis' claims of ineffective assistance of counsel, both trial and appellate, and one of his claims of prosecutorial misconduct.

Ineffective assistance of trial counsel properly may be raised in a § 2255 motion. *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir. 1996). Mr. Lewis had two different appointed counsel during and preceding his trial. To prevail on any of his claims of ineffective assistance of trial counsel, Mr. Lewis must show (1) that his counsel's performance was constitutionally deficient, and (2) that the deficient performance prejudiced him with regard to the outcome of trial. *McCleese*, 75 F.3d at 1179 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Counsel's performance must be evaluated from the point of view at the time of the decisions, and must be given a heavy presumption of competence. *United States v. Hall*, 212 F.3d 1016, 1021 (7th Cir. 2000).

---

[2] As the majority of issues raised by Mr. Lewis were not raised on direct appeal, he may only raise them now if he shows "cause and prejudice," as discussed below in section II(B).

3

Mr. Lewis' allegations are conclusory in nature and unsupported by evidence. *See Gray-Bey v. United States*, 156 F.3d 733, (7th Cir. 1998) (detailed affidavit showing petitioner has actual proof of his allegations necessary). *See also United States v. Spadafora*, 200 F.2d 140, 143 (7th Cir. 1953) (more than bare allegations of perjury needed to obtain a hearing under § 2255). First, Mr. Lewis alleges that both attorneys failed to file pretrial motions that would have aided his defense. Mr. Lewis does not indicate what motions he feels his attorneys should have filed, but seems to feel that any competent attorney would file pretrial motions simply to "make himself acquainted with the case." Mr. Lewis misunderstands the purpose for pretrial motions.

Second, Mr. Lewis alleges that his first attorney was not present at the initial arraignment and status hearing, and made no effort to find out what he might have missed from other defense counsel. Mr. Lewis presents no evidence to support this allegation. Third, Mr. Lewis alleges that his attorneys failed to move to quash the indictment, or for a bill of particulars, inhibiting his ability to present a defense. Again, Mr. Lewis fails to present any supporting evidence, arguing only that he would have had a more successful defense if his attorneys had done so. Mr. Lewis makes no showing that the indictment could have been successfully dismissed. Fourth, Mr. Lewis alleges that Mr. Duggan did not, because of his failure to obtain a bill of particulars,

4

provide any defense to Mr. Lewis. Mr. Lewis complains of a beeper registered to him, a telephone book with that beeper's number and Mr. Lewis' name written in it, and drug ledgers indicating Mr. Lewis' involvement. A bill of particulars is only a more specific expression of illegal activities. *See, e.g., United States v. Canino*, 949 F.2d 928, 948 (7th Cir. 2001). It does not provide a defendant with the right to obtain specific evidence. In fact, however, Mr. Lewis admits that his attorney was provided this evidence.

Fifth, Mr. Lewis alleges that Mr. Duggan failed to conduct a sufficient pretrial investigation, failing to discover Charles Smith as a favorable witness. However, Mr. Lewis admits that when Mr. Duggan contacted Mr. Smith, Mr. Smith said that if asked to testify, he would plead the Fifth Amendment and refuse. Mr. Lewis also alleges that Mr. Duggan should have interviewed people from the relevant neighborhood until he found people willing to testify that Mr. Lewis had not attended the drug meetings the prosecution claimed he had, or that Mr. Lewis took turns with other basketball players in buying marijuana, not selling it as the prosecution witnesses testified. It is not ineffective assistance of counsel not to scour a neighborhood to attempt to find witnesses - none of whom are named - to give the kind of testimony referred to. Mr. Lewis states that he "may have had family members and friends who

lived in the community who may have been able to supply information" (emphasis added).

Sixth, Mr. Lewis alleges that Mr. Duggan should have moved for a severance to allow Mr. Lewis' co-defendants to testify on his behalf, but makes no showing that those co-defendants were willing to waive their Fifth Amendment rights to so testify nor what difference a severance would have made in their willingness to do so. Seventh, Mr. Lewis alleges that Mr. Duggan should have moved to exclude Mr. Lewis' criminal history so that Mr. Lewis could testify without fear of impeachment, but he had no criminal history apart from conduct that was part of the charged conspiracy.

Eighth, Mr. Lewis alleges that Mr. Duggan had a conflict of interest, as he also represented a co-defendant, Sherman Moore (who was tried separately from Mr. Lewis). Mr. Lewis admits, however, that he was informed of the potential conflict of interest, but states that he was unaware of what a conflict was, and how it might affect him. As Mr. Lewis raised no objection to the alleged conflict at trial, he must now show that an actual conflict of interest adversely affected Mr. Duggan's performance. *Cuyler v. Sullivan*, 446 U.S. 335 (1980). Mr. Lewis makes no showing that Mr. Duggan had an actual conflict, and presents no evidence that Mr. Duggan's trial performance was affected.

Finally, Mr. Lewis alleges that William Walters' performance as Mr. Lewis' counsel at his sentencing hearing was deficient. Mr.

Lewis alleges that Mr. Walters failed to raise the following issues with the presentence report: that Mr. Lewis was convicted of being a regent in the Gangster Disciples, but was also charged with a "leadership role" for sentencing; that the report charged Mr. Lewis with possession of a firearm, but no witness testified to such possession; and that the report charged Mr. Lewis with a larger amount of cocaine than had been testified to by witnesses. Mr. Lewis's allegations arise from a misunderstanding of the presentence report. Mr. Lewis' role as a regent for the Gangster Disciples was presented as evidence at trial, but neither count of the indictment naming Mr. Lewis relied on proof of that specific role for conviction. However, the sentencing guidelines specifically required the sentencing judge to consider the role of the defendant in the crimes for which he was convicted. Here, that was Mr. Lewis' role as a regent. There is no "double counting" and no issue for Mr. Walters' to have raised.

Mr. Lewis also seems to misunderstand the firearms enhancement to his sentence. He was not charged with himself possessing a firearm. Rather, the sentencing judge found that, given the Gangster Disciples' known methods of disciplining its members and maintaining security, leaders in the gang could reasonably foresee that firearms would be used in furtherance of the conspiracy. Finally, Mr. Lewis is correct that the quantity of drugs for which he was held responsible was not presented as a question to the

jury. However, the sentencing judge found that regents such as Mr. Lewis, being responsible for the drug sales of the gang members under their supervision, were responsible for amounts of crack or powder cocaine far in excess of the 1.5 kilograms used to set the sentencing level. Mr. Walters did protest the amount of drugs assigned to Mr. Lewis, both individually and in adopting the arguments made by other counsel present at sentencing.

The statutory sentencing range for Mr. Lewis' convictions was 240 months to life. Mr. Lewis was sentenced to the low end of that range. Additionally, when Mr. Lewis was resentenced by me, following the government's successful appeal, I sentenced Mr. Lewis to the minimum time allowed - 292 months. Mr. Lewis cannot show that Mr. Walters' failure to raise these issues resulted in additional prison time for Mr. Lewis. *United States v. Ruzzano*, 247 F.3d 688, 696-97 (7th Cir. 2001). Under the generous standard provided by *Strickland*, I cannot find that his trial counsel provided ineffective assistance.

The claim of ineffective assistance of appellate counsel is also properly raised in a § 2255 motion. *McCleese*, 75 F.3d at 1178. Mr. Lewis claims that he wanted Mr. Walters to raise a number of issues on appeal, including alleged problems with his indictment and prosecutorial misconduct, but Mr. Walters failed to do so. To prevail, Mr. Lewis must demonstrate that Mr. Walter's performance as appellate counsel "fell below an objective standard

of reasonableness." *Strickland*, 466 U.S. at 687. Mr. Lewis' alleged issues with his indictment and with the conduct of the prosecution at trial are presented in a conclusory and cursory manner in his § 2255 motion. In contrast, Mr. Walters presented three well-developed and cogently argued issues on appeal, as well as joining the efforts of co-defendant counsels' appeals (raising a total of nine issues on appeal). Mr. Lewis' conclusory arguments cannot overcome the strong presumption that Mr. Walters acted competently on his behalf.

The only other issue Mr. Lewis presents which was arguably properly preserved for review is his contention that the prosecution improperly led its own witnesses on direct examination at trial. This contention is exceedingly brief, with no specific facts raised to support it. Mr. Lewis' statement of supporting facts reads, in its entirety:

> The prosecution at all times during defendant's trial led their witnesses into saying anything they wanted to come before the jury, their witnesses never testified they merely affirmed whatever the prosecution testified to, and worst of all the prosecution cross-examed all its own witness thereby leaving the defendant naked of cross-examination. The government through its deceitful tactics was allowed to impeach its own witness thereby easing the impact of their dishonest testimony.

This contention is far too vague and unspecific to allow for review. Mr. Lewis provides no examples of the testimony he claims was so solicited, nor what "testimony" was allegedly placed in witnesses' mouths by the prosecution, nor even which witnesses were

9

so examined. *See Gray-Bey*, 156 F.3d 733; *Spadafora*, 200 F.2d at 143.

### B.

Mr. Lewis' other claims have been waived by his failure to present them on direct appeal. Mr. Lewis can therefore only raise those issues if he is able to show "cause and prejudice" for his failure to do so. *Id.* Showing "cause" means that Mr. Lewis must demonstrate that his failure to raise these issues on appeal was due to "some objective factor external to the defense." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Mr. Lewis does not directly argue cause; the only argument that can be parsed from what he does submit is that these issues were not presented due to ineffective assistance of appellate counsel. For the reasons stated above, I find that his appellate counsel was not deficient. Mr. Lewis has therefore not demonstrated cause for failing to present his numerous issues on appeal, and has waived them.

As Mr. Lewis has not presented a meritorious claim to support his § 2255 motion, that motion is denied.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: November 17, 2005